UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT BOURGEOIS, II | CIVIL ACTION |
| VERSUS | NO. 20-1002 |
| HUNTINGTON INGALLS INC., *ET AL*. | SECTION M (1) |

## ORDER & REASONS

On July 29, 2020, plaintiff Robert Bourgeois, II filed a motion to remand this matter to the Civil District Court for the Parish of Orleans, State of Louisiana ("CDC").[1] The motion was set for submission on August 13, 2020.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was August 5, 2020. No defendant, each of which is represented by counsel, has filed a memorandum in opposition to Bourgeois's motion.

Accordingly, because the motion to remand is unopposed, and it appearing to the Court that the motion has merit,[3]

---

[1] R. Doc. 75.
[2] R. Doc. 75-2.
[3] Defendants Huntington Ingalls Inc. and Albert L. Bossier, Jr. (collectively, "Avondale") removed this action under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), with that statute acting as the predicate for federal question subject-matter jurisdiction over a case otherwise containing only state-law claims. R. Doc. 1. Bourgeois settled his claims against Avondale, and Avondale has been dismissed as a defendant. R. Doc. 77. Section 1367(a) empowers a federal district court to hear in a civil action state-law claims that are related to an accompanying federal claim over which the court has original jurisdiction. 28 U.S.C. § 1367(a). However, § 1367(c)(3) permits a federal district court to decline to exercise supplemental jurisdiction over a state-law claim if the district court has dismissed all claims over which it has original jurisdiction. *Id*. § 1367(c)(3). In determining whether to retain jurisdiction over pendent state-law claims, the court should consider the four statutory factors set out in § 1367(c) and the common-law factors of judicial economy, convenience, fairness, and comity, with no single factor being dispositive. *Enochs v. Lampasas Cty*., 641 F.3d 155, 159 (5th Cir. 2011). As a general rule, the court should dismiss state claims when the federal claims to which they are pendent are dismissed. *Id*. at 161 (citing, *inter alia*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)). "[B]ut this rule is neither mandatory nor absolute; no single factor is dispositive, and [the Fifth Circuit] review[s] the district court's decision in light of the

IT IS ORDERED that Bourgoeis's motion to remand (R. Doc. 75) is GRANTED, and this matter is REMANDED to the CDC.

New Orleans, Louisiana, this 6th day of August, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

specific circumstances of the case at bar." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). This case was removed almost one year after it was filed in CDC, where the parties had engaged in discovery and motion practice. By contrast, the litigation before this Court has largely been confined to federal procedural matters. Because this case now contains only state-law claims, the Court declines to exercise its discretion to retain it.